## COBURN *vs.* WHEELOCK.

The plaintiff and the defendant and four other persons were the only stockholders, and the trustees, of a manufacturing corporation. The corporation being indebted to C. for money borrowed, he required, as a condition of a continuance of the loan, the individual note of all or some of the stockholders. Thereupon five of the stockholders and trustees, including the plaintiff and defendant, executed their joint and several promissory note, to him, for the amount of his claim, signing it with their individual names. G., one of the stockholders, who did not sign the note, and the corporation, became insolvent, and the plaintiff paid the note and took it up.

*Held*, 1. That as between the makers of the note and the payee, the former were jointly and severally liable to pay the whole amount. That as between them and the corporation, they were all accommodation makers; and the corporation was liable to each of them, for all sums which they should have to pay. And that as between themselves, each was liable to pay one fifth part of the whole amount.

2. That these rules were not to be changed or misapplied either because the makers of the note had unequal interests in the corporation, or because the company, or G., became insolvent.

3. That there was, strictly speaking, no subrogation of the plaintiff to all the rights of the payee; but his payment of the note authorized him to sue any of the other makers, for contribution. And that the defendant was liable to pay his one fifth part of the amount so paid by the plaintiff; which was recoverable in an action at law.

APPEAL by the defendant from a judgment rendered at the circuit, on a trial before BACON, J.; a jury having been waived. The plaintiff claimed to recover the one fifth part of the amount of a promissory note and interest thereon which was executed by the parties and three other persons, and which the plaintiff had paid. The plaintiff and the defendant and *four* other persons were the only stockholders of a manufacturing corporation, the stock of which amounted to $9500, which had been paid in in full, $5000 of which was owned and held by the plaintiff, $1000 by the defendant, and the residue by the other four stockholders. And *all* the stockholders were trustees of the corporation to manage its affairs. In July, 1861, the corporation was indebted to one

George Christie, for money previously borrowed of him, and as a prerequisite of a continuance of the loan he required the individual note of all or some of the stockholders. Thereupon five of the trustees and stockholders, including the plaintiff and defendant, executed a note in the following form: "$3050. Six months after date we jointly and severally promise to pay George Christie or bearer three thousand and fifty dollars with interest, for value received—Felt's Mills, July 15, 1861," and signed it with their individual names. The sixth trustee and stockholder, *Samuel N. Gillett*, who owned $1000 of the stock, did not sign the note. Payments of principal and interest were made, on the note, and on the 21st of March, 1863, the balance remaining due was $2711.20, which sum the plaintiff paid and took it up.

While the note was running, further calls were made upon the stockholders, equal to the full amount of their stock; which were paid in, except by Gillett, who became insolvent before the plaintiff paid the note. And the corporation became insolvent, and had no assets to pay the note, or any part of it. The defendant had a counter-claim of $46.77, which was admitted.

" As conclusions of law, the court decided that the plaintiff was entitled to be subrogated to all the rights of the payee of the note, and to compel an equal contribution from the makers thereof, as co-sureties therein. That neither the payee of the note, nor the plaintiff, was obliged to attempt to collect it of the company, nor to adjust the alleged rights of the several parties, by an equitable suit, prior to pursuing the legal remedy sought in the action. That the measure of the defendant's liability was not his *pro rata* share of the note as a stockholder, but was one fifth part of the amount paid on the note by the plaintiff." And the judge ordered judgment for the plaintiff, for the one fifth part of the note paid by the plaintiff and interest thereon, less the amount of the counter-claim.

*John Clark,* for the appellant.

*Levi H. Brown,* for the respondent.

*By the Court,* FOSTER, J.  Had the note been executed by *all* the stockholders, it is possible that the law would presume the intent to act not only for, but *as* the corporation; and to make themselves liable to each other in the same proportions as if the note were executed by the corporation: but such was not the fact, and I will not examine the question.

Upon the facts proved and found, I have no doubt that the decision of the court below was correct.  The condition of the corporation required the individual note of the persons who executed it; and they executed it without any thing appearing to show that their liability, as between each other, was otherwise than as expressed by the note.  And the well settled principle of law prevails that as between them and the payee, they were jointly and severally liable to pay the whole amount.  As between them and the corporation, they were all accommodation makers; and the corporation was liable to each of them for all sums which they should have to pay.  And as between themselves, each was liable to pay one fifth part of the whole amount.

These rules are not to be changed or misapplied, either because the makers of the note had unequal interests in the corporation, or because the company, or Gillett, became insolvent.

There was, strictly speaking, no subrogation of the plaintiff to all the rights of the payee; for the payment of the note satisfied and discharged it, and the plaintiff could not afterwards sue the other makers, or any of them, upon the instrument: but his payment of the note did authorize him to sue any of the other makers for contribution.  Such was the suit brought against the defendant, and he was liable to pay his one fifth part of it, less the amount of his counter-

claim. There was no reason why a suit in equity should have been commenced; for the plaintiff had a cause of action at law.

The judgment is right, and should be affirmed.

Judgment affirmed.

[Onondaga General Term, October 4, 1864. *Morgan, Bacon* and *Foster,* Justices.]